Affirmed and Opinion filed May 25, 2004









Affirmed and Opinion filed May 25, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00519-CR

____________

 

NELSON ARIEL REYES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 183rd
District Court

Harris County, Texas

Trial Court Cause No. 906,315

 



 

O P I N I O N

Appellant, Nelson Ariel Reyes, was charged
by indictment with aggravated robbery.  See
Tex. Pen. Code Ann. ' 29.03 (Vernon
2003).   Appellant pled Aguilty@ to the offense,
and the jury subsequently assessed his punishment at twenty years= confinement in
the Institutional Division of the Texas Department of Criminal Justice.  In appellant=s sole point of
error, he complains the trial court allowed the State=s attorney to engage
in improper jury argument during her closing argument.  We affirm.








Appellant and two others planned to steal
jewelry from Magdalena Rubio.  On the
night of October 9, 2001, appellant and his two accomplices kicked in the front
door of the Rubios= apartment.  Brandishing a gun, appellant demanded the
jewelry.  Mrs. Rubio complied.  However, Mrs. Rubio=s son recognized
appellant from school. 

In his only point of error, appellant
argues that the trial court erred in overruling appellant=s objections to
the prosecutor=s alleged improper jury argument.  Specifically, appellant complains that the
State=s attorney urged
jurors to Ameet community expectations when assessing
punishment,@ urged jurors to meet the personal
expectations of the prosecutor, and asked jurors to abandon their objectivity
by putting themselves in the shoes of the victims.  Appellant directs us to seven different parts
of the record in illustrating the alleged improper jury argument.  

We find that appellant has preserved
nothing for review on appeal.  In order
to complain on appeal about improper jury argument, appellant must Ashow that he
objected and pursued his objection to an adverse ruling.@  Cockrell v. State, 933 S.W.2d 73, 89 (Tex.
Crim. App. 1996).  A review of the record
reveals that in five of the seven instances where appellant alleges error, no
objection was made by appellant. 
Accordingly, without a proper objection, error is waived on appeal.  Id. 









Likewise, we cannot consider the remaining
two instances where objections were raised because of appellant=s failure to make
timely and/or specific objections.  See
Tex. R. App. P. 33.1.  For example, 
appellant contends the prosecutor acted improperly when she stated: AToday, you are the
only people who can do that role.  The
Judge can=t do it. 
I can=t do it. 
Society is depending upon you-all to protect us.@  However, by the time appellant objected, the
State attorney had already moved on and was discussing a different issue
related to the identity of a coconspirator. 
Moreover, appellant merely stated, AObjection, Your Honor,
improper argument.@ 
The same situation arises later in the record.  On appeal, appellant claims improper argument
through the following statement:  A[D]on=t think for a
second that you-all don=t have the obligation to protect the rest
of us.@  Just as before, appellant did not object when
these statements were made, but made his objection later, when State=s counsel began
discussing sentence length.  Again,
appellant=s objection was merely, AYour Honor, this
is improper jury argument.@  

Although appellant argues that he was
objecting to the statements mentioned above, this assertion is not apparent
from the record.  Even if we were to find
the objections were timely made, they were not specific enough to indicate
which statements appellant deemed improper. 
Tex. R. App. P. 33.1.  Accordingly, nothing has been preserved for
our review.  

Appellant=s point of error
is overruled, and the judgment of the trial court is affirmed.  

 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Opinion filed May 25, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.

Do
Not Publish C Tex.
R. App. P. 47.2(b).